UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2015 MAY -1 P 5: 11
US DISTRICT COURT
HARTFORD CT

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Number: 3:15-cr-69 (VLB) |
| | VIOLATIONS: |
| v. | 21 U.S.C. § 846 (Conspiracy to Distribute and to Possess with Intent to Distribute Oxycodone) |
| JOHN KATSETOS | 18 U.S.C. § 1347(a)(1) (Health Care Fraud) |

## INFORMATION

The United States Attorney charges:

### COUNT ONE
(Conspiracy to Distribute and to Possess with Intent to Distribute Oxycodone)

1. From approximately 2011 through July 1, 2014, the exact dates being unknown to the United States Attorney, in the District of Connecticut and elsewhere, defendant JOHN KATSETOS and others known and unknown, knowingly and intentionally conspired together and with one another, to distribute and to possess with intent to distribute, a mixture and substance containing a detectable amount of oxycodone, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and 846.

### COUNT TWO
(Health Care Fraud)

2. From approximately 2011 through July 1, 2014, JOHN KATSETOS practiced medicine as a general practitioner with medical offices in Milford and Stamford, Connecticut.

3. KATSETOS's medical practice accepted patients who were participants in the Medicare program and the Medicaid program, each of which is a "health care benefit program," as defined in 18 U.S.C. §§ 24(b) and 1347.

4. KATSETOS and his practice accepted payment from the Medicare program and Medicaid program for services rendered.

5. From approximately 2011 through July 1, 2014, in the District of Connecticut, defendant JOHN KATSETOS knowingly and willfully executed and attempted to execute a scheme or artifice to defraud health care benefit programs, that is: defendant KATSETOS saw multiple Medicare and Medicaid patients within the period of one appointment and billed Medicare and Medicaid for multiple appointments, and KATSETOS provided those Medicare and Medicaid patients with multiple prescriptions for Schedule II through IV controlled substances which were not medically necessary, knowing that Medicare and Medicaid would pay for the medically unnecessary prescriptions.

6. For the purpose of executing and attempting to execute the scheme and artifice to defraud health care programs, the defendant submitted and caused to be submitted to Medicare and Medicaid fraudulent claims for appointments that never occurred and for prescriptions which were not medically necessary.

7. Relying on the fraudulent representations of KATSETOS, the Medicare and Medicaid health care programs paid the claims that KATSETOS submitted and caused to be submitted to them.

8. Medicare and Medicaid would not have paid the fraudulent claims had they known of the fraud.

9. By engaging in this conduct, KATSETOS knowingly and willfully engaged in a scheme to defraud Medicare and Medicaid health care programs.

All in violation of Title 18, United States Code, Section 1347(a)(1).

## FORFEITURE ALLEGATION
(Controlled Substances Offenses)

10.   Upon conviction of the controlled substance offense alleged in Count One of this Information, the defendant JOHN KATSETOS, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, all right, title, and interest in five hundred fifty thousand dollars in United States currency ($550,000), which is property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the violations of Title 21, United States Code, Sections 841 and 846, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violations, and a sum of money equal to the total amount of proceeds obtained as a result of the offenses.

11.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants, cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property described above.

All in accordance with Title 21, United States Code, Section 853, and Rule 32.2(a), Federal Rules of Criminal Procedure.

UNITED STATES OF AMERICA

_____
DEIRDRE DALY
UNITED STATES ATTORNEY

_____
RAHUL KALE
ASSISTANT UNITED STATES ATTORNEY

_____
ALINA REYNOLDS
ASSISTANT UNITED STATES ATTORNEY